IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN C. RANGEL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:07-CV-279 |
| | § | Judge Schell |
| ANGELA K. BARROWS, Director, | § | |
| Dallas District Office, USCIS, | § | |
| | § | |
| UNITED STATES CITIZENSHIP & | § | |
| IMMIGRATION SERV ICES,  and | § | |
| | § | |
| ALBERTO R. GONZALES, United States | § | |
| Attorney General, | § | |
| | § | |
| Respondents. | § | |

**RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW,  ANGELA K. BARROWS, in her official capacity as Dallas District Director of the United States Citizenship & Immigration Services, the UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, and ALBERTO R. GONZALES[1], in his official capacity as United States Attorney General, Respondents, by and through the United States Attorney for the Eastern District of Texas, and move for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56 because there is no issue of material fact and Respondents are entitled to judgment as a matter of law.  In support of this motion, Respondents would show the Court as follows:

---

[1] Michael B. Mukasey was sworn in as Attorney General of the United States on November 14, 2007, succeeding Alberto R. Gonzales.

## I.  Introduction

Petitioner Juan C. Rangel has filed a petition seeking de novo review of the final decision of the United States Citizenship and Immigration Services ("USCIS") denying Petitioner's application for naturalization.  In answering this suit, Respondents admitted that this Court had subject matter jurisdiction under 8 U.S.C. § 1421(c).  However, Respondents denied that Petitioner met his burden of showing he is eligible for citizenship.  More specifically, Respondents alleged that Petitioner failed to meet his burden of establishing that he was a person of good moral character as required by 8 U.S.C. § 1427(a)(3) for eligibility for naturalization.

Petitioner seeks reversal of the decision by Angela K. Barrows, USCIS Dallas District Director, Dallas, Texas, of the decision denying his naturalization application.  Both the line adjudication officers and their supervisor, Angela K. Barrows, at USCIS concluded in their review of this file that the Petitioner failed to meet the "good moral character" requirement because of his arrest and conviction for Driving While Intoxicated.  In this motion for summary judgment, Respondents will show that Petitioner fails to meet his burden of showing good moral character based upon his arrest and conviction for DWI during the statutory period, and for that reason, the denial of his application for naturalization should be upheld and summary judgment in favor of the Respondents should be granted.

## II.  Issues Presented

1.  WHETHER THE USCIS CORRECTLY DENIED PETITIONER'S APPLICATION FOR NATURALIZATION BASED UPON THE FINDING THAT HE LACKED GOOD MORAL CHARACTER DUE TO HIS CONVICTION FOR DRIVING WHILE INTOXICATED DURING THE STATUTORY PERIOD.

2.  WHETHER THE CURRENT STANDARDS IN THE COMMUNITY PREVENT A FINDING OF GOOD MORAL CHARACTER DUE TO PETITIONER'S CONVICTION FOR DRIVING WHILE INTOXICATED DURING THE STATUTORY PERIOD.

### III.  Statement of Facts

A.  **Petitioner is a citizen of Mexico who has immigrated to the U.S.**

Petitioner Juan C. Rangel, Alien number 45 399 326, was born on June 1, 1980, in Mexico.  He is a native and citizen of Mexico.  He was admitted to the United States as a lawful permanent resident on May 24, 1996.  He is a resident of Plano, Collin County, Texas.

B.  **Petitioner was convicted for DWI and was on probation for one year.**

On October 16, 2004, in Allen, Collin County, Texas, Petitioner was arrested by the Allen, Texas, Police for Driving While Intoxicated which is a Texas Class B misdemeanor.  *See* Exhibit 1 (Ex. 1) attached.  On January 21, 2005, he pleaded guilty to DWI in the Collin County Court of Law.  The Petitioner was sentenced to 60 days in jail, which was suspended, of which three days were served.  He was also ordered to pay a fine of $750 and placed on community supervision for one year.  Petitioner successfully completed his probation on January 20, 2006.

C.  **Petitioner filed an application for naturalization which was denied for lack of good moral character.**

On May 10, 2006, Petitioner filed a Form N-400 (Application for Naturalization) with USCIS.  *See* Ex. 2.  On August 23, 2006, Petitioner appeared for examination on his application.  During the examination, Petitioner passed his English reading and writing exams and his U.S. history/civics exam.  However, on August 28, 2006, based upon his October 16, 2004 arrest and January 21, 2005 conviction for Driving While Intoxicated, USCIS denied Petitioner's naturalization application for lack of good moral character.  *See* Ex. 3.  In that decision, District Director (DD) Barrows stated that,

> "According to the record, your criminal history reflects a conviction which occurred during the period of time in which you must establish good moral character; therefore, your conviction precludes you from establishing good moral character at this time.  This act, viewed in its totality, does not represent the conduct of an average citizen in the community."

DD Barrows then referred specifically to Section 316(a)(3) of the INA and 8 C.F.R. 316.10(a) and (b) in finding that Petitioner did not meet the good moral character requirements cited therein, and therefore was ineligible for naturalization.

On September 26, 2006, Petitioner appealed the denial by filing a Form N-336 (Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Act).  *See* Ex. 4. An interview on the appeal was held on February 8, 2007.  On February 13, 2007, USCIS issued its final decision and dismissed the appeal after determining that Petitioner had not overcome the grounds for of the denial of his application for naturalization as set forth in that decision.  *See* Ex. 5.

### IV.  Legal Analysis

**A.    Venue and jurisdiction are appropriate in the United States District Court, Eastern District of Texas.**

On August 28, 2006, USCIS issued a written denial of Petitioner's Form N-400.  8 C.F.R. § 336.1(a) (2007).  On September 26, 2006, Petitioner timely appealed the denial by filing Form N-336.   8 C.F.R. § 336.2(a) (2007).   On February 13, 2007, USCIS issued its final determination denying the application.  Judicial review is available after the final agency determination.

> A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5, United States Code.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c); INA § 310(c).  Petitioner timely filed his petition for review on or about June 6, 2007, which is within 120 days of the agency's final determination.  8 C.F.R. § 336.9(b) (2007).  Jurisdiction for Petitioner's petition for review is appropriate in a U.S. District Court.

Venue is appropriate in this district court because ths alien resides in Collin County, Texas.

**B.     Petitioner bears the burden to establish eligibility for naturalization.**

An applicant seeking naturalization must strictly comply with the requirements for citizenship established by Congress.  *Federenko v. U.S.,* 449 U.S. 490, 506 (1981).  The naturalization applicant bears the burden of establishing "eligibility for citizenship in every respect."  *INS v. Pangilinan*, 486 U.S. 875, 884 (1988).  "No alien has the slightest right to naturalization unless all statutory requirements are complied with."  *U.S. v. Ginsberg,* 243 U.S. 472, 475 (1917).  Any doubts as to eligibility are to be resolved in favor of the government.  *Berenyi v. District Director,* 385 U.S. 630, 637 (1967); *U.S. v. Manzi,* 276 U.S. 463, 467 (1928).  "The Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship."  *Berenyi,* 385 U.S. at 637.

**C.     Petitioner must establish good moral character for the five years preceding the filing date of his application until the date he takes the oath of allegiance in order to naturalize.**

INA Section 316 establishes the "requirements for naturalization."  It requires that "no person . . . shall be naturalized, unless such applicant . . . during all the periods referred to in this subsection has been and still is a person of good moral character."  8 U.S.C. § 1427(a)(3); INA § 316(a)(3).  The regulations clarify that "an applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character."  8 C.F.R. § 316.10(a) (2007).  This includes the period between the examination and the administration of the oath of allegiance.  *Id*.  "To be eligible for naturalization, an alien must establish that he or she for all relevant time periods under this paragraph, has been and continues to be a person of good moral character."  8 C.F.R. § 316.2(a)(7) (2007).

"The period referred to" in the statute during which an applicant must establish good moral character is "the five years immediately preceding the date of filing his application...up to the time of admission to citizenship." 8 U.S.C. § 1427(a)(1) and (2).  On May 10, 2006, Petitioner filed his Application for Naturalization (Form N-400).  To be naturalized, then, he must establish that he has been of good moral character since May 10, 2001 - the five years immediately preceding his Form N-400 filing - until the time of his administration of the oath of allegiance.  Petitioner's conviction for DWI in January 2005 is clearly within the statutory period.

**D.    The INA does not define "good moral character," but a lack of such may be based upon the applicant's commission of unlawful acts that adversely reflect upon his or her moral character.**

The INA does not define "good moral character," but the statute does list classes of persons who are barred from being found to possess good moral character.  8 U.S.C. § 1101(f); INA § 101(f).  Moreover, application of the statutory bars alone is not conclusive on the issue of whether an applicant possesses good moral character.  "Neither the list of conduct in § 1101(f) or that in the regulations is exhaustive."  *Puciaty v. Dep't of Justice*, 125 F. Supp.2d 1035, 1039 (D. Haw. 2000).  "The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character."  8 U.S.C. § 1101(f); INA § 101(f).

Further, within the context of a naturalization application, "unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2)."  8 C.F.R. § 316.10(b)(3)(iii) (2007).  The government admits that a DWI conviction is not a statutory bar to showing good moral character.

However, such a conviction can be considered under 8 C.F.R. § 316.10(b)(3)(iii) as other "unlawful acts that adversely reflect upon the applicant's moral character".  On August 28, 2006, USCIS denied Petitioner's Form N-400 application for lack of good moral character, citing this regulatory language.  On February 13, 2007, USCIS denied the Form N-336, finding that the applicant failed to overcome the ground for denial of the application for naturalization.

E.	**If an applicant's conduct does not create a statutory bar to a finding of good moral character, then the applicant's conduct is evaluated in light of the standards of the average citizen in the community.**

If a naturalization applicant's conduct falls within the statutory bars, then the bar precludes the applicant from showing good moral character and USCIS must deny the application.  If the applicant's conduct does not fall within the statutory bars, as in this Petitioner's case, then under 8 C.F.R. § 316.10(a)(2), "the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence."  In general, an applicant's character must measure up to that of the average citizen in the community in which he resides.  *Brukiewicz v. Savoretti,* 211 F. 2d 541 (5th Cir. 1954).  "The decision maker is to use its discretion and look to the standards of an average citizen" to determine whether the applicant possesses good moral character.  *Puciaty*, 125 F. Supp.2d at 1039-1040.  The applicant's conduct must be "in general accord with the basic principles of the community." *Id.* at 1040.

F.	**The standards in the community in which Petitioner lives prevent a finding of good moral character.**

Drunk driving is "an urgent, nationwide problem of staggering proportion, and must be considered as a strong negative factor in assessing plaintiff's moral character." *Rico v. INS*, 262 F. Supp. 2d 6, 10 (E.D. N.Y. 2003), citing *Dalton v. Ashcroft*, 257 F 3d. 200, at 208 (2d Cir.

2001), and *Le v. Elwood,* 2003 WL 21250632, at*2 (E.D. Pa. 2003).

More specifically, driving while intoxicated is not within the standards of acceptable behavior in Petitioner's community.  As stated above,  8 C.F.R. § 316.10(a)(2) requires:  "[T]he Service shall evaluate claims of good moral character on a case by case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence."  This Court must, therefore, look at the current standards in this Petitioner's community of Allen and Plano, Texas, in Collin County, Texas, as well as in the state of Texas to determine what the current standards of acceptable behavior are for the average citizen regarding driving while intoxicated.

Respondents submit that if USCIS were to approve naturalization for an alien with a drunk driving conviction incurred during the statutory review period, the public in this community would be outraged.  The Texas Department of Transportation (TxDot) states at its website www.texasdwi.org. that drunk driving is a violent crime and Texas is among the national leaders when it comes to traffic deaths that involve alcohol.  *See* Ex. 6-1.  TxDot maintains at its primary website (www.dot.state.tx.us) statistics which demonstrate year after year that Texas has some of the highest incidence of drunk driving in the nation.  *See* Ex. 6-2.  TxDot also provides reports, news releases, and information about state programs available to the public from the Texas Department of Transportation to help inform the public of the dangers of drinking and driving as well as to provide resources to deal with alcohol-related issues.  No fewer than twelve resources including both state agencies as well as advocacy groups such as Mothers Against Drunk Driving ("MADD") are listed by TxDot with web-links available to find statistics, reports, and suggestions dealing with alcohol-related issues.  *See* Ex. 6-3.  As recently as December 11, 2007, TxDot issued a news release about a new memorial sign program created by the 80th

Texas Legislature which it is now implementing to help inform the public of the dangers of drinking and driving. *See* Ex. 6- 4 and Ex. 6-5. *See* Exhibit 6 Yeager Declaration, with attachments 6-1 through 6-5.

USCIS has been given broad discretion by Congress to determine whether an applicant possesses the requisite good moral character for purposes of naturalization. Driving while intoxicated is not acceptable behavior in this community. The USCIS reached the right conclusion in this case that the Petitioner failed to meet his burden of proof. The United States urges the Court to similarly conclude that even when viewing the evidence most favorably to the Petitioner under Fed. R. Civ. P. Rule 56, the Petitioner has not satisfied his burden of establishing good moral character at this time based upon the standards of the average citizen in the Petitioner's community of residence.

There is no genuine issue of material fact in this case. The Petitioner was arrested in 2004 and convicted in 2005 in Allen, Texas, which is in Collin County, Texas, for driving while intoxicated in violation of Texas law. When he was arrested, he has a blood alcohol level of at least .08 which jeopardized the safety and welfare of individuals and families traveling the roads in his community. Clearly, the Petitioner committed a serious violation of law. Driving a vehicle while intoxicated demonstrates a lack of good moral character since it displays an indifference to life - both his life as well as the lives of those within his community. He committed the criminal offense of DWI during the statutory review period preceding his application for naturalization. That violation of the law should not be rewarded with a grant of United States Citizenship – the highest permanent benefit granted to an alien. Because there is no dispute of material fact, summary judgment should be granted for the Respondents.

Such a finding by this Court upholding the denial of naturalization due to lack of good

moral character will not preclude Petitioner from obtaining citizenship.  He will be able to file an application for naturalization on or after January 21, 2010, when his DWI conviction and sentence is over five years old.  In the meantime, Petitioner retains all of the privileges of a lawful permanent resident.

## V.  Conclusion

This Court should deny Petitioner's petition for review because he failed to meet his burden of showing good moral character.

WHEREFORE, PREMISES CONSIDERED, Respondents submit that summary judgment should be entered against Petitioner and in favor of the Respondents.  Respondents further pray for such other and further relief to which they may be justly entitled.

Respectfully submitted,

JOHN  L. RATCLIFFE
United States Attorney


/s/ Ruth Harris Yeager
Ruth Harris Yeager
Assistant United States Attorney
Texas State Bar No. 09092700
110 North College Street, Suite 700
Tyler, Texas 75702
E-mail: ruth.yeager@usdoj.gov
Tel: (903) 590-1400
Fax: (903) 590-1436

ATTORNEYS FOR RESPONDENTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Respondents' Motion for Summary Judgment has been electronically filed or placed in the mail, this 30th day of December, 2007, addressed to:  Mr. Roy Petty, Roy Petty P.C., P.O. Box 540665, Dallas, Texas 75354.

/s/ Ruth Harris Yeager
Ruth Harris Yeager