IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN C. RANGEL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-279 |
| | § | |
| ANGELA K. BARROWS, Director, | § | |
| Dallas District Office, USCIS, | § | |
| UNITED STATES CITIZENSHIP & | § | |
| IMMIGRATION SERVICES, and | § | |
| ALBERTO R. GONZALES, Attorney | § | |
| General of the United States, | § | |
| Respondents. | § | |

**ORDER DENYING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING SUMMARY JUDGMENT FOR PETITIONER**

Before the court are the "Respondents' Motion for Summary Judgment" (de # 13) and the "Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment" (de # 14). Having considered the Motion and the briefing responsive thereto, the court is of the opinion that the Respondents' Motion should be DENIED and, *sua sponte*, that summary judgment should be GRANTED in favor of the Petitioner.

**I. BACKGROUND**

Juan Rangel, the Petitioner in this matter, appeals a determination by United States Citizenship and Immigration Services (USCIS) denying his application for naturalization. Rangel is a native and citizen of Mexico, born there on June 1, 1980. (Resp't Mot. for Summ. J. 3.) Rangel was admitted to the United States as a lawful permanent resident on May 24, 1996, and he currently lives in Plano, Texas. (*Id*.)

On October 16, 2004, Rangel was arrested by the Allen Police Department for driving while intoxicated (DWI). (*Id*. at Ex. 1.) He pled guilty to that offense and served 3 days of jail time of a

suspended 60 day sentence, paid a $750 fine, and completed one-year of community supervision. (*Id*. at 3.) Rangel successfully completed the community supervision portion of his sentence on January 20, 2006. (*Id*.)

On May 10, 2006, Rangel submitted his application for naturalization. (*Id*.) On August 23, 2006, Rangel took and passed the English reading and writing exams and the U.S. history/civics exam. On August 28, 2006, the USCIS denied Rangel's application solely on the basis of his DWI conviction. (*Id*. at Ex. 3.) The USCIS stated that the conviction prevented Rangel from establishing "good moral character" as required by statute. (*Id*.) Rangel appealed the decision, and was heard by the USCIS in February of 2007. (*Id*. at 3.) On February 13, 2007, the USCIS issued a final decision whereby it denied Rangel's application because Rangel had "failed to overcome the grounds" for the original denial. (*Id*. at Ex. 5.) Rangel appeals that decision to this court. Both parties agree that Rangel has met the requirements of 8 U.S.C. § 1423(a).

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations

omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION & ANALYSIS

The court has jurisdiction to consider this matter *de novo*. 8 U.S.C. § 1421(c) (2006). A person who wishes to attain citizenship through naturalization bears the burden in every respect to establish his eligibility. *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967). All doubts regarding eligibility must be resolved adversely to the applicant. *Id*.

A lawfully admitted permanent resident may attain citizenship through naturalization if he has resided continuously in the United States for the five years preceding his application, has resided continuously in the United States between the time of his application and oath of citizenship, and is "a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a)

(2006). An applicant's moral character is to be evaluated on a case-by-case basis with regard to certain enumerated provisions and the "standards of the average citizen in the community of residence." 8 C.F.R. § 316.10(a)(2) (1995). The sole issue for the court's determination is whether Rangel is precluded from establishing good moral character on the sole basis of his lone DWI conviction.

There are certain statutory bars to an applicant's capability of demonstrating good moral character. Section 1101 contains a non-exclusive list of circumstances that, standing alone, prevent a demonstration of good moral character. 8 U.S.C. § 1101(f) (2006). A drunk driving conviction is not on the list. *Id*. A more exhaustive list can be found in the Regulations. 8 C.F.R. 316.10(b) (1995). In addition to a similarly structured list of offenses that bar admission, that Section provides that, absent extenuating circumstances, a finding of good moral character is impermissible if, during the relevant period, the applicant "[c]ommitted unlawful acts that adversely reflect upon the applicant's moral character." 8 C.F.R. 316.10(b)(3)(iii) (1995). It is this catch-all provision that the USCIS claims prevents Rangel from establishing his eligibility for naturalization.

Courts that have been confronted with this issue have uniformly agreed that a single DWI conviction is insufficient to preclude an applicant from establishing good moral character. In *Ragoonanan v. USCIS*, the court decided in favor of a party whose application for naturalization was denied solely on the basis of a DWI conviction. *Ragoonanan v. USCIS*, No. 07-3461, 2007 U.S. Dist. LEXIS 92922 (D. Minn. Dec. 18, 2007). There, the USCIS rested, as it does here, on the above-quoted catch-all provision in the Regulations. *Id*. at * 7-8. Among the court's justifications for granting summary judgment to the petitioner in that case was the court's inability to find a single case concluding that a single DWI conviction bars an applicant from establishing good moral

character. *Id*. at *9.

Another court reached a different conclusion where the naturalization applicant had been convicted of DWI, but had also failed to disclose an arrest for making terroristic threats against his child's mother. *Nguyen v. Monica*, No. 05-3021, U.S. Dist. LEXIS 69118, at *7-8 (E.D. Pa. Sept. 26, 2006). The court stated in dictum that "a single conviction for driving under the influence would no doubt be insufficient to derail petitioner's naturalization application." *Id*.

Faced with a petitioner whose application was rejected on the basis of two DWI convictions, another district court granted summary judgment in favor of the petitioner. *Cajiao v. Bureau of Citizenship & Immigration Servs. of the Dep't of Homeland Sec.*, No. H-03-2582, 2004 U.S. Dist. LEXIS 29734 (S.D. Tex. Mar.30, 2004). Though the court found one of the convictions to be explained by extenuating circumstances, *id*. at *12, the other conviction was not innocently explained, and the court concluded by noting that the petitioner "quite likely exceeds the standard for good moral character." *Id*.; *See also Yaqub v. Gonzalez*, No. 1:05-cv-170, 2006 U.S. Dist. LEXIS 36727, at *12-13 (June 5, 2006) (concluding that two DWI convictions did not bar the applicant from establishing good moral character).

Other cases have denied the appeals of naturalization applicants who have been convicted of DWI based on other aggravating factors. In addition to the *Nguyen* case cited above, a district court denied an appeal on the combined weight of five DWI convictions, a third degree rape conviction, and a finding that the applicant's testimony lacked candor. *Rico v. INS*, 262 F. Supp. 2d 6 (E.D. N.Y. 2003); *see also Le v. Elwood*, No. 02-cv-3368, U.S. Dist. LEXIS 6635, at *8-9 (Mar. 24, 2003) (stating that, although 2 DWI convictions "may not disqualify [the petitioner] from being a person of 'good moral character,'" lack of testimonial candor in addition to the offenses does).

Though Rangel has requested a hearing, and though the statute entitles him to a hearing upon request, the court finds that a hearing is unnecessary. The evidence in the record establishes that Rangel is a person of good moral character. Rangel states in his affidavit that he accepts responsibility for his DWI conviction and that he only has an occasional drink in his home. (Pet's. Resp. Ex. 1.) He has graduated from high school, is a member of a local church, and is married with a young son. (*Id.*) Aside from his DWI, Rangel has never been arrested and has no other criminal convictions on his record. (*Id.*) His application for naturalization shows that he has been employed since at least 2001. (Resp't Mot. for Summ. J. Ex. 2.)

The court is also mindful of the unique and instructive circumstances surrounding Rangel's DWI conviction. Because of a foolish choice, Rangel unnecessarily placed his citizenship in severe jeopardy. The sentence served by Rangel, deemed sufficiently penal in the eyes of the Texas Legislature, has been essentially enhanced by the particular circumstances of this case.

The court closes by noting that it does not in any way condone drunk driving. The court is fully in agreement with the *Rico* court that "[d]runk driving is 'an urgent, nationwide problem of staggering proportion.'" *Rico* 262 F. Supp. 2d at 10 (quoting *Dalton v. Ashcroft*, 257 F.3d 200, 208 (2d Cir. 2001)). However, the applicable law is unanimous in support of the proposition that, in the absence of aggravating factors, a single DWI conviction is insufficient to deny an application for naturalization on the basis that the applicant lacks good moral character.

### IV. CONCLUSION

The USCIS providing no additional evidence on which it can base a determination that Rangel lacks good moral character, the court is of the opinion that its Motion should be, and hereby is, DENIED. Though Rangel has not submitted a formal motion for summary judgment, he contends

in his Response that the record is sufficient to support a judgment in his favor. The court agrees. But rather than construe the Response as something that it is not, the court is of the opinion that summary judgment should be granted in favor of Rangel on the court's own motion. *Celotex*, 477 U.S. at 326; *Love v. Nat'l Med. Enter.*, 239 F.3d 765, 770-71 (5th Cir. 2000). Both parties have had more than sufficient notice, as required in this Circuit, to provide evidence on the issue of good moral character. Therefore, the court is of the opinion that summary judgment should be, and hereby is, GRANTED in favor of Juan C. Rangel.

It is hereby

ORDERED that Rangel's Application for Naturalization is APPROVED. It is further

ORDERED that Rangel shall be sworn in as a citizen of the United States at the next regularly scheduled naturalization ceremony in Plano, Texas.

IT IS SO ORDERED.

**SIGNED this the 25th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE